**ATARI, INC., Atari Interactive, Inc. and Hasbro, Inc., Plaintiffs–Counter–Defendants–Appellees,**

v.

**GAMES, INC and Chicago West Pullman LLC., Defendants–Counter–Claimants–Appellants,**

* The Honorable Loretta A. Preska, of the United States District Court for the Southern Dis-

**Roger W. Ach, II, Defendant–Appellant.**

**No. 05–3457.**

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

Elliot Louis Pell, West Bridgewater, NJ (John H. Doyle III, Anderson Kill & Olick P.C., New York, NY, on the brief), for Appellants.

Paul G. Gardephe (Kim J. Landsman, Phyllis Staub Wallitt, Alexis Gander, on the brief), Patterson, Belknap, Webb & Tyler LLP, New York, NY, for Appellees.

PRESENT: JOSÉ A. CABRANES, B.D. PARKER, Circuit Judges, and LORETTA A. PRESKA, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Defendants-counter-claimants-appellants Games, Inc. and Chicago West Pullman, LLC, ("Pullman") together with defendant-appellant Roger W. Ach, II (collectively, "Games") appeal from the amended judgment of the District Court entered June 20, 2006, which was based upon the Distict Court's memorandum orders filed February 24, 2005, *Atari, Inc. v. Games,*

trict of New York, sitting by designation.

*Inc.,* 2005 WL 447503 (S.D.N.Y. Feb. 24, 2005), March 15, 2005, *Atari, Inc. v. Games, Inc.,* 2005 WL 612711 (March 15, 2005), May 4, 2005, *Atari, Inc. v. Games, Inc.,* 2005 WL 1053729 (S.D.N.Y. May 4, 2005) and May 31, 2005, *Atari, Inc. v. Games, Inc.,* 2005 WL 1294403 (S.D.N.Y. May 31, 2005). The District Court's orders dismissed Games's counterclaims against plaintiff-counter-defendants-appellees Atari, Inc., Atari Interactive, Inc., and Hasbro, Inc. (collectively "Atari"), granted Atari's motion for summary judgment against Games, and awarded Atari monetary and injunctive relief against Games. The District Court also pierced the corporate veil of Pullman, finding that its owner, Ach, dominated the company. In addition, the District Court denied a motion by Games to reconsider its prior judgment in light of new evidence and to stay judgment pending appeal.

We assume the parties' familiarity with the underlying facts and procedural history.

This case arises out of a contract dispute between Atari and Games concerning an agreement under which Atari agreed to transfer to Games, Inc. an Internet domain name (games.com) as well as exclusive use of certain computer-based versions and formats of enumerated Atari-owned games. In exchange, Games, Inc. agreed to give Atari cash and Games, Inc. stock, and Pullman promised to fulfill Games Inc.'s obligations if Games, Inc. did not.

Games accused Atari of breach and refused to transfer some of the money and stock it owed. The parties negotiated a settlement under which Games waived any claims of past breach and Atari gave Games an additional month to pay. Games subsequently alleged further breach and refused to provide the cash and stock on the new due date. Atari declared Games to be in breach and sought, under the contract's liquidated damages clause, immediate payment of all money and stock due under the contract. This suit followed.

The District Court awarded Atari over $6 million in damages and enjoined Games from using Atari's intellectual property. Substantially for the reasons articulated in the thoughtful and comprehensive orders of the District Court, we agree that Games' nonpayment constituted a breach and therefore Atari was entitled to terminate the agreement and to receive full contract damages.

The District Court also correctly found Ach, the managing member of Pullman, personally liable for the judgment. Pullman functioned solely as an entity through which Ach managed his investments. The District Court correctly held that Pullman was Ach's alter ego, that it had no independent corporate existence, and that—based on the facts of this case—Pullman appeared to be "simply ... a device to defraud creditors." *Atari, Inc. v. Games, Inc.,* 2005 WL 1294403, at *3 (S.D.N.Y. May 31, 2005).

In addition, the District Court did not err in denying defendant's motion for relief from final judgment. For the reasons set out above, we therefore AFFIRM the judgment of the District Court.